IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

| | | |
|---|---|---|
| TINA PIZZIMENTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-3073 |
| | ) | |
| SOUTHERN, ALLEN & WITHROW, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, TINA PIZZIMENTI, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, SOUTHERN, ALLEN & WITHROW, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TINA PIZZIMENTI, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Flippin, County of Marion, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Portfolio Recovery Associates, LLC (hereinafter "Portfolio.")

6. The debt that Plaintiff allegedly owed Portfolio was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. SOUTHERN, ALLEN & WITHROW, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arkansas. Upon information and belief, Defendant's principal place of business is located in the State of Arkansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about January 19, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Portfolio.

15. The aforesaid correspondence was Defendant's initial communication with Plaintiff.

16. Shortly thereafter, on that same date, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Teaven Stamatis, Defendant's duly authorized representative.

17. During the course of the aforesaid telephone call, Plaintiff asked Defendant for documentation verifying the debt on which Defendant was attempting to collect.

18. In response, Defendant stated "You can't get a bill. You have to pay this or you will be sued."

19. Defendant further stated that Plaintiff "must immediately begin making payments" to Defendant in relation to the debt on which it was attempting to collect.

20. Defendant's statements to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not immediately begin making payments to Defendant then Defendant would file a lawsuit against her.

21. Defendant's statements to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff was not able to seek verification of the debt on which Defendant was attempting to collect prior to making payments to Defendant.

22. Defendant's statements to Plaintiff, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff was not able to dispute the validity of the debt prior to making payments to Defendant.

23. Defendant's representations that Plaintiff had to immediately start paying Defendant in relation to the debt on which it was attempting to collect were false, deceptive and/or misleading given that Plaintiff had thirty (30) days from Defendant's initial communication with Plaintiff in which she could seek verification of the debt.

24. Defendant's representations that Plaintiff had to immediately start paying Defendant in relation to the debt on which it was attempting to collect were false, deceptive and/or misleading given that Plaintiff had thirty (30) days from Defendant's initial communication with Plaintiff in which she could dispute the validity of the debt.

25. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

26. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

27. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

28. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

29. Defendant's statements to Plaintiff, as delineated above, caused Plaintiff to believe that she was going to be sued unless she immediately began making payments to Defendant.

30. As a result of Plaintiff's beliefs, she agreed to enter into a payment plan with Defendant.

31. In or around February 2010, on or about March 23, 2010 and on or about April 28, 2010, Plaintiff made payments to Defendant in relation to the debt she allegedly owed to Portfolio.

32. On or about June 9, 2010, Steven, Defendant's duly authorized representative initiated a telephone call to Plaintiff and left a voicemail message for Plaintiff.

33. At no time during the course of the aforementioned voicemail message did Defendant apprise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

34. On or subsequent to June 9, 2010, Plaintiff engaged in a telephone conversation with Kathryn, Defendant's duly authorized representative.

35. During the course of the aforementioned telephone call, Kathryn told Plaintiff that she was looking at Plaintiff's credit report and that Plaintiff had many debts.

36. Defendant further stated that it was aware from looking at Plaintiff's credit report that Plaintiff had failed to pay her bills.

37. Defendant then told Plaintiff that she was irresponsible for failing to pay her bills.

38. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

39. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed Portfolio.

40. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

41. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

42. On or about June 14, 2010, Defendant sent a correspondence to Plaintiff in a further attempt to collect the debt Plaintiff allegedly owed to Portfolio.

43. The aforementioned correspondence stated that "[i]n order to avoid further legal action and court costs for collection of this account, please resume your payments immediately."

44. At the time Defendant sent the aforementioned letter to Plaintiff, Defendant had not taken any legal action against Plaintiff in relation to the debt on which it was attempting to collect.

45. Defendant's representations, as delineated above, were deceptive, false and/or misleading in that they had the effect of conveying to an unsophisticated consumer that Defendant had taken legal action against Plaintiff when no such action had been taken.

46. Defendant's representations, as delineated above, falsely represented the legal status of the debt on which it was attempting to collect by representing that legal action had been taken against Plaintiff in relation to the debt.

47. In its attempts to collect the debt allegedly owed by Plaintiff to Portfolio, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

48. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.    JURY DEMAND

49. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TINA PIZZIMENTI, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**TINA PIZZIMENTI**

By: _/s/ David M. Marco_
David M. Marco
Attorney for Plaintiff

Dated: August 2, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us