IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TINA PIZZIMENTI                                                                                    PETITIONER

v.                                        CV NO. 3:10-CV-03073

SOUTHERN, ALLEN & WITHROW                                                         RESPONDENT

## O R D E R

Before the Court is the Defendant's Motion for Summary Judgment (ECF No. 16) filed May 6, 2011. The Plaintiff filed her Response (ECF No. 21) on May 31, 2011 and the matter is now ready for resolution.

**Background:**

On January 19, 2010, Defendant sent Plaintiff the first of three collection letters in an attempt to collect a debt that Plaintiff allegedly owed Midland Credit/Columbus Bank. (Plaintiff's Statement of Facts (hereinafter, "PF") ¶¶ 1-2). In order to discern whether she owed the debt, Plaintiff called Defendant to ascertain information about Defendant and the identity of the original creditor on the debt. (PF ¶7). Plaintiff also initiated the telephone call to Defendant to discern the nature of the debt that she allegedly owed as she alleged that she did not know whether she owed the debt. (PF ¶¶ 6- 7).

The Plaintiff contends that she requested validation of the account but the Defendant informed her that they did not maintain the records at its office. As a result of the phone conversation between the Plaintiff and the Defendant the Plaintiff entered into a payment plan to liquidate the debt but the Plaintiff did not completed the plan. A second letter was sent to the

Plaintiff by the Defendant and the Plaintiff initiated a second phone call to the Defendant.  The Plaintiff again contends that she requested validation during this call.

On August 2, 2010 the Plaintiff filed the current action alleging that the Defendant violated the FDCPA, 15, U.S.C. § 1692.  The Defendant has moved for Summary Judgment.

**Discussion:**

    A.  **Summary Judgment Standard:**

Summary judgment is proper when "there is no genuine issue as to any material fact" such that "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and "by affidavit or otherwise" designate "specific facts showing that there is a genuine issue for trial." *Robinson v. Monaghan*, 864 F.2d at 624 (quoting Fed.R.Civ.P. 56(e)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In designating specific facts, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment" because Rule 56(c) requires "that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). In order to determine which facts are material, courts should look to the substantive law in a dispute and identify the facts which are critical to the outcome. *Anderson v. Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510. A dispute about a material fact is genuine if the evidence is such that a reasonable trier of fact could return a decision in favor of the party opposing summary judgment. *Id.* In performing the genuineness inquiry, trial courts should believe the evidence of

the party opposing summary judgment and all justifiable inferences should be drawn in that party's favor. *Id.* at 255, 106 S.Ct. at 2513. A court is not "to weigh the evidence and determine the truth of the matter but [instead should] determine whether there is a genuine issue for trial." Id. at 249, 106 S.Ct. at 2511.

### B. Fair Debt Collection Practices Act:

Congress enacted the Fair Debt Collection Practices Act in order to stop "the use of abusive, deceptive and unfair debt collection practices by many debt collectors." 15 U.S.C.A. § 1692(a). *Freyermuth v. Credit Bureau Services, Inc.* 248 F.3d 767, 771 (C.A.8 (Neb.),2001)

The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). It prohibits certain types of collection practices, such as the use or threat of violence, obscene language, publication of shame lists, and harassing or anonymous telephone calls. 15 U.S.C. § 1692d. The FDCPA also contains general prohibitions on "conduct the natural consequence of which is to harasses, oppress, or abuse any person" (15 U.S.C. § 1692d), the use of "any false, deceptive, or misleading representation or means" (15 U.S.C. § 1692e), and any "unfair or unconscionable means to collect or attempt to collect a debt" (15 U.S.C. § 1692f). A successful plaintiff may recover actual damages, statutory damages up to $1,000, *1055 attorney fees, and costs. 15 U.S.C. 1692k(a).

### 1. Written communications:

The Defendant contends that the written communications sent to the Plaintiff by the Defendant, on their face, do not violate the FDCPA.

In evaluating whether a debt collection letter is false, misleading, or deceptive in violation

of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer. *Duffy v. Landberg*, 215 F.3d 871 at 873. The "unsophisticated consumer" test was adopted by the Seventh Circuit in *Gammon v. G.C. Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir.1994), which preferred it to the "least sophisticated consumer" standard used by a number of other circuits. See *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3rd Cir.2000); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir.1999); *Terran v. Kaplan,* 109 F.3d 1428, 1431-32 (9th Cir.1997); *United States v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 136-39 (4th Cir.1996)*; Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993); *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir.1985). These tests are designed to protect consumers of below average sophistication or intelligence, but they also contain an "objective element of reasonableness," Gammon, 27 F.3d at 1257, that "prevents liability for bizarre or idiosyncratic interpretations of collection notices," Wilson, 225 F.3d at 354, quoting Nat'l Fin. Serv., Inc., 98 F.3d at 136. See also Duffy, 215 F.3d at 874-75. See Peters v. General Service Bureau, Inc.  277 F.3d 1051, 1055 (C.A.8 (Neb.),2002).

The Plaintiff does not contend that any of the Defendant's written communications violate the FDCPA. In the Plaintiff's Response to Defendant's Summary Judgment Motion the Plaintiff stated that "there is no dispute that the letter contained the requisite notice language. The issue, however, is the false, deceptive and misleading statements made by Defendant during its initial telephone call with Plaintiff that eviscerated the notice of Plaintiff's right to seek validation contained in the aforesaid correspondence." (ECF No. 24, p. 10).

### 2. Oral Communications:

On January 21, 2010, shortly after receiving Defendant's letter dated January 19, 2010, (ECF No. 23-1) Plaintiff initiated a telephone call to Defendant. According to Defendant's letter,

Plaintiff owed a debt to Midland Credit/Columbus Bank. She had never heard of either creditor and had no knowledge of the debt on which Defendant was attempting to collect. The Plaintiff contends that the purpose of her telephone call to Defendant was to ascertain further information about the debt she allegedly owed so that she could discern whether she did in fact owe the debt.

During the course of her telephone call with Defendant, Plaintiff claims that she requested bills and statements relative to the debt. (ECF No. 23-4, p. 3). Plaintiff testified that she knew the letter stated that the request for validation was to be in writing but she thought calling would be a quicker way. (Id., p. 3-4) In response to her request, Defendant told Plaintiff that it could not provide validation, not because Plaintiff had failed to send in a written request, but because it did not keep bills in its office. (Id., p. 6). The Plaintiff contends that, at no time during the course of her telephone call with Defendant on January 21, 2010, did Defendant inform Plaintiff that if she requested validation in writing, Defendant would be obligated to provide it. Rather, Defendant told Plaintiff that she just needed to pay the debt and stated that if Plaintiff did not make a payment, then it would proceed with a lawsuit. (Id., p. 7) Plaintiff further contends that the Defendant further informed Plaintiff that if she did not start paying on the balance, it would take her to court, which would result in a judgment against her.

As previously stated it is undisputed that the Defendant's original notice letter complies with 15 U.S.C. § 1692g but there is a material factual issue concerning whether such statements were made and an additional issue as to whether such statements, if made, reasonably induced the Plaintiff to forego her right to have the Defendant validate the debt.

**3. Lack of Intention to Initiate a lawsuit:**

Pursuant to §1692e(5), a debt collector may not threaten "to take any action that cannot

legally be taken or that is not intended to be taken." 15 U.S.C. 1692e(5). In order to establish a violation of Section 1692e(5), Plaintiff must establish: (I) threatened action by the debt collector, and (ii) which was not intended to be taken.

Defendant is alleged to have threatened to file a lawsuit against Plaintiff during the course of the telephone call between the parties on January 21, 2010. The Plaintiff alleges that the Defendant acknowledges that it has never conducted a review of Plaintiff's account to discern whether it was an account on which it could proceed to suit. The Plaintiff also contends that the Defendant's collection notes are devoid of any entry evidencing such a review and that the person making the threat was a collector, and by her own admission not an individual charged with the responsibility of elevating an account to the initiation of a lawsuit.

Based upon a review of the testimony presented to the court it appears to the court that there is a material issue of fact as to whether the Defendant ever intended to initiate legal proceedings against the Plaintiff.

**Conclusion:**

Because a material factual dispute exist between the parties the Defendant's Motion for Summary Judgment is **DENIED.**

IT IS SO ORDERED this June 6, 2011.

                                                           /s/ J. Marschewski
                                           HONORABLE JAMES R. MARSCHEWSKI
                                           Chief United States Magistrate Judge